1   James A. Hennefer (SBN 059490)
    HENNEFER, FINLEY & WOOD, LLP
2   425 California Street, 19th Floor
    San Francisco, CA 94104-2296
3   Telephone: (415) 421-6100
    Facsimile: (415) 421-1815
4   jhennefer@hennefer-wood.com

5   Counsel for Plaintiff Mohamed Poonja,
    Chapter 7 Trustee for San Jose Airport
6   Hotel, LLC, dba Holiday Inn San Jose

    Harry I. Price, Esq. (SBN 077817)
    Matthew E. Coleman, Esq. (SBN 187264)
    PRICE LAW FIRM
    40 Main Street
    Los Altos, California 94022
    Telephone: (650) 949-0840
    Facsimile: (650) 949-0644
    harry@priceslaw.com

    Attorneys for Defendants,
    Infinity HI, LLC, Global Enterprises, LLC
    Ramini International, LLC, 2720 Uridias
    Ranch, LLC, Ajay P. Shingal and
    Myra Shingal

7

8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12

13  In re:
    SAN JOSE AIRPORT HOTEL, LLC, dba
14  HOLIDAY INN SAN JOSE,

15

16  MOHAMED POONJA, Chapter 7 Trustee for
    SAN JOSE AIRPORT HOTEL, LLC, dba
17  HOLIDAY INN SAN JOSE, Debtor, and
    MOBEDSHAHI HOTEL GROUP, Debtor,

18
                        Plaintiffs,
19
        vs.
20

21  INFINITY HI, LLC, a California limited
    liability company; GLOBAL 360
22  ENTERPRISES, LLC, a California limited
    liability company; RAMINI
23  INTERNATIONAL, LLC, a California
    limited liability company; 2720 URIDIAS
24  RANCH, LLC, a California limited liability
    company; AJAY P. SHINGAL, an individual;
25  and MIRA SHINGAL, a/k/a Myra Shingal and
    Myra Trypathi, an individual
26
                        Defendants.
27

28

Case No. 12-CV-01066-EJD

Bankruptcy Case No. 09-51045-SLJ
             Chapter 7
(Jointly Administered with
             Case No. 09-51073-SLJ )

JOINT PRELIMINARY PRETRIAL
CONFERENCE STATEMENT

Local Rule 16-10


Date:   December 6, 2013
Time: 11:00 a.m.
Place:  San Jose Courthouse
            280 South First Street
            Courtroom 4
            San Jose, California  95113

Judge: Honorable Edward J. Davila

1       Pursuant to the "Standing Order Re: Preliminary and Final Pretrial Conferences and Trial

2   Preparation in Civil Cases" of this Court and Civil Local Rule 16-10, the parties file this "Joint

3   Preliminary Pretrial Conference Statement."

4   1.   <u>Jurisdiction</u>

5       The Complaint in the original adversary proceeding in this action, Adversary Proceeding No. 11-

6   05198 (Bk.Adv. Doc. No. 1),[1] before the filing of the Order Withdrawing Referral to Bankruptcy (Doc.

7   No. 3; Bk. Adv. Doc. No. 37) alleged jurisdiction "pursuant to 28 U.S.C.§§ 157 and 1134." (Bk.Adv.

8   Doc. No. 1, ¶ 2). The Answer of all defendants in the original adversary proceeding (Bk. Adv. Doc. No.

9   16, ¶ 2) neither admitted nor denied jurisdiction, stating that the jurisdictional allegations "constitute legal

10   conclusions, argument or immaterial statements to which no response is required." Defendants allege in

11   paragraph 9 of their affirmative defenses that "this Court lacks subject matter jurisdiction over the matters

12   subject of the Complaint.

13       28 U.S.C. § 157, dealing with referral, hearing and determination of cases arising under title 11

14   or arising in or related to a case under title 11 has been dealt with in this case. 28 U.S.C. § 1134(b)

15   provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings

16   arising under title 11, or arising in or related to cases under title 11. Plaintiff believes that subject matter

17   jurisdiction of the district court is established under this section.

18       The Complaint alleged that: "[v]enue in this court is proper pursuant to 28 U.S.C. § 1409, as

19   Debtor's bankruptcy cases were brought and are pending in this judicial district." (Bk.Adv. Doc. No. 1,

20   ¶ 4) The Answer of all defendants in the original adversary proceeding (Bk. Adv. Doc. No. 16, ¶ 4)

21

22      [1] This action was filed as an adversary proceeding in the United States Bankruptcy Court for the Northern District of California, Adv. Pro. No. 11-05198, on June 29, 2011. Pursuant to 28 U.S.C. §

23   157(a), General Order 24 for the United States District Court for the Northern District of California, the adversary proceeding was referred to a bankruptcy judge. As a result of the United States Supreme

24   Court decision in *Stern v. Marshall*, 564 U.S. ___ , 131 S.Ct. 2594, 180 L.Ed. 475 (2011) and its progeny and briefing by the parties, Bankruptcy Judge Steven L. Johnson determined that this adversary

25   proceeding was "related to" the underlying title 11 cases and that the Bankruptcy Court did not have the authority to enter final judgment in the action. The parties jointly move and stipulated to an order

26   withdrawing the referral to the Bankruptcy Court which was signed by this Court on May 15, 2012 and entered on the docket of the Bankruptcy Court on September 18, 2012. Docket Nos. referenced are to

27   the District Court Docket in 12-CV–1066-EJD. Docket Nos. designated "Bk.Adv." refer to the bankruptcy adversary proceeding, Adv. Pro. No. 11-05198.

28

JOINT PRELIMINARY PRETRIAL CONFERENCE STATEMENT        *Poonja v. Infinity HI, LLC.*
Case No. 12-CV-01066-EJD

1 neither admitted nor denied whether venue was proper, stating that the allegations regarding venue
2 "constitute legal conclusions, argument or immaterial statements to which no response is required."

3     All defendants have generally appeared in the action by their Answer (Bk. Adv. Doc. No. 16, ¶
4 2) and have not contested *in personam* jurisdiction.

5 2.   <u>Substance of the Action</u>

6     The general factual allegations are set out in the Complaint in the original adversary proceeding
7 in this action, Adversary Proceeding No. 11-05198 (Bk.Adv. Doc. No. 1, ¶¶ 5-80)

8     As of January 25, 2009, Infinity HI, LLC ("Infinity"), as the buyer, entered into a Purchase and
9 Sale Agreement ("PSA"), with San Jose Airport Hotel LLC, as the seller, for the purchase of real property
10 and improvements, including a 512 room operating hotel known as the Holiday Inn, located at 1740 North
11 First Street, San Jose, California near the San Jose Airport ("Hotel"). The executed PSA is attached to
12 the Complaint as Exhibit A.[2]

13     The purchase price for the Hotel in the PSA was $73,000,000 under "Cash Terms" and
14 $75,000,000 under "Note Terms." Under the PSA the following notes were to be executed: (a) a secured
15 promissory note for $10 million ("$10MM Note"); (b) a secured promissory note for $15 million
16 ("$15MM Note"); and (c) a secured promissory note for $50 million ("$50MM Note").

17     The $10MM Note was delivered into escrow with Old Republic Title upon execution of the PSA.
18 It was to be accompanied by with recorded security documents and deliveries necessary to perfect the
19 liens securing it. Disputes between SJAH and defendants arose about the security documents.

20     The PSA contained a Liquidated Damages Clause at section 8.2 which provided that in the event
21 Infinity breached the PSA, the escrow holder for the $10MM Note should deliver it to SJAH as
22 "liquidated damages" and as SJAH's "sole and exclusive remedy" for breach.

23     Under the PSA there were to be "Nonrefundable Deposit Payments" paid by Infinity before close
24 of escrow, according to the following schedule: $100,000 on or before November 15, 2008; $75,000 on
25 or before January 15, 2009; $125,000 on or before January 30, 2009; $100,000 on or before March 15,

26
27     [2] Capitalized terms in this statement have the meanings ascribed to them in the PSA, Exhibit A
to the Complaint.
28

1  2009; and $100,000 on or before the 15th of the month thereafter until closing.  Infinity made the

2  payments on November 15, January 15 and January 30, totaling $300,000.

3       On February 18, 2009 SJAH filed a voluntary petition for relief under chapter 11 of the United

4  States Bankruptcy Code and proceeded as a debtor in possession, without a trustee, until the chapter 11

5  case was converted to a chapter 7 proceeding on May 7, 2010.  Plaintiff was appointed trustee of the

6  SJAH estate by the acting United States Trustee on May 12, 2010 and was certified and qualified as the

7  same.  The PSA was not assumed or rejected by the trustee for SJAH pursuant to section 365(d)(1) of the

8  Bankruptcy Code.

9       On July 23, 2009 SJAH sent a letter to Infinity claiming anticipatory breaches of the PSA before

10 closing.  This letter is attached to the Complaint as Exhibit E.

11      SJAH then obtained possession of the $10MM Note from the escrow at Old Republic Title.  The

12 $10MM Note provided that the full amount of principal, $10,000,000, is "due in full in one hundred

13 eighty (180) days from the Closing Date, or immediately upon a breach by Obligor [Infinity] of any terms,

14 representations, warranties or obligations arising under the Sale Agreement [PSA], whichever is earlier."

15 On February 3, 2010 SJAH made demand for payment of the $10MM Note.  A copy of this demand is

16 attached to the Complaint as Exhibit F.

17      SJAH brought this action in United States Bankruptcy Court as an adversary proceeding on June

18 29, 2011.  The Complaint contains the following claims: 1) breach of a written contract (PSA), against

19 Infinity (¶¶ 81 - 89); 2) Enforcement of the $10MM Note, against Infinity (¶¶ 90 - 93); 3) reformation of

20 a deed of trust that was to secure the $10MM Note, against Infinity and Myra Shingal (¶¶ 94 - 98); 4)

21 reformation of another deed of trust that was to secure the $10MM Note, against the Shingals, Infinity,

22 and Uridias (¶¶ 99 - 103); 5) alter ego liability, against the Shingals, Infinity, Uridias, Global 360 and

23 Ramini (¶¶ 104 - 107); 6) deceit misrepresentation and concealment, against the Shingals and Infinity (¶¶

24 108 - 118); and 7) R.I.C.O. claims, against the Shingals, Infinity, Uridias, Global 360 and Ramini (¶¶ 119

25 - 133).

26      The principal factual issues in dispute are: 1) whether the defendants, or any of them breached the

27 PSA as claimed in SJAH's July 23, 2009 letter claiming anticipatory breach (Exhibit E to the Complaint);

28

JOINT PRELIMINARY PRETRIAL CONFERENCE STATEMENT                    *Poonja v. Infinity HI, LLC.*
                                                                  Case No. 12-CV-01066-EJD

2) whether the security for the $10MM Note was or should have been provided or provided in a different form; 3) whether the elements of alter ego liability can be shown among defendants; 4) whether defendants or any of them misrepresented or concealed material facts that were reasonably relied upon by SJAH; 5) whether the misrepresented facts or concealments proximately caused damages to SJAH; and, 6) whether the elements of R.I.C.O., including predicate offenses, an associated-in-fact criminal enterprise, and proximate causation can be shown.

3.    <u>Legal Issues</u>

Defendants have raised, in their Answer and elsewhere, legal defenses to each of the claims in the Complaint, in addition to the factual disputes set out above, as follows:

a.    <u>Breach of Contract</u> (First Claim): contracts unenforceable by operation of law under the California Business & Professions Code; performance excused by fraud of plaintiff; the Parol Evidence Rule (California Civil Code section 1856); prevention of performance; failure of consideration; offsets; terms of contract unconscionable and contrary to public policy; liquidated damages provision unreasonable under the circumstances existing and unenforceable (California Civil Code section 1671); plaintiff cannot state a cause of action for breach of contract where the contract was deemed rejected in bankruptcy by operation of Section 365(d) of the Bankruptcy Code.

b.    <u>Enforcement of the $10MM Note</u> (Second Claim): liquidated damages provision unreasonable under the circumstances existing and unenforceable (California Civil Code section 1671);

c.    <u>Reformation of Security for the $10MM Note</u> (Third and Fourth Claims): those defenses set out under "g.  All Claims," below.

d.    <u>Alter Ego Liability</u> (Fifth Claim): not sufficient cause for equitable relief, because no act undertaken by defendants was such as to "sanction a fraud or promote injustice," the requirement for imposing alter ego theory, discussed in *Webber v. Inland Empire Investments, Ind.* (1999) 74 Cal.App.4th 884, 88 Cal.Rptr.2d 594.

e.    <u>Deceit/Concealment</u> (Sixth Claim): failure to state facts supporting punitive or exemplary

JOINT PRELIMINARY PRETRIAL CONFERENCE STATEMENT

*Poonja v. Infinity HI, LLC.*
Case No. 12-CV-01066-EJD

damages; violation of procedural due process as to punitive or exemplary damages (U.S. Constitution 14th Amendment, California Constitution); as to punitive damages statement of facts and demand for judgment (California Code of Civil Procedure section 425.10);

f.   <u>R.I.C.O.</u> (Seventh Claim): Civil Code Section 2876 authorizes junior lien holder to make to make a payment to a senior lien holder and to add the amount of payments to his own lien;

g.   <u>All Claims</u>: failure of the Trustee to assume the PSA as required by 11 U.S.C. § 365 and of the Bankruptcy Court to approve the PSA; subsequent sale of the San Jose Airport Hotel to a third party discharged obligations of defendants under the $10MM Note; failure of defendants other than Infinity to sign the PSA and $10MM Note; failure to agree on a material term, the $50MM Note, and to execute it; lack of standing; Doctrine of Waiver; Doctrine of Estoppel; statutes of limitation (California Code of Civil Procedure sections 336, 337,337.2, 338, 338(a), 338(d), 339, 339.5, 340, 343 and 344); failure to mitigate damages; *in pari delicto*; Statute of Frauds (California Civil Code section 1624); Doctrine of Unclean Hands; failure of plaintiff to do equity; *res judicata* and collateral estoppel; defendants' conduct justified and privileged under the circumstances, fair and reasonable and without improper motive; Doctrine of Laches; junior lender holding the encumbrance of a deed of trust has the right to make financial advances to the holder of senior financial encumbrancers (California Civil Code section 2924.7(a) and deed of trust provisions under the "business judgment' rule); application of California Civil Code section 2876 to the notice provisions for Notice of Default, Notice of Trustee's Sale, making foreclosure notices in contested transactions sufficient notice; no grounds sufficient to overturn the publicly conducted non-judicial trustee's foreclosure sales; constructive or actual notice of the liens by plaintiff; lack of fiduciary or confidential relationship between plaintiff and defendants; no duty of disclosure from defendants to plaintiff; plaintiff undertook its own independent investigation of the public record of title to the subject properties and its decisions to engage in the transactions was not based on

1    any claimed reliance on representations of defendants; plaintiff breached its contract with

2    defendants and was unable to deliver title to the SJAH under the contract;

3  4.    Motions

4    The only motion in this action so far has been the joint motion for withdrawal of the reference of

5  this action to the United States Bankruptcy Court, described in more detail at footnote 1 on page 1, above.

6    Plaintiff and defendants intend to bring motions for summary judgment before the March 14, 2014

7  deadline for the filing of dispositive motions.

8  5.    Discovery

9    Depositions of the parties will be completed by the fact discovery cutoff date of December 20,

10  2013.

11  6.    Settlement and ADR

12    Pursuant to a "Stipulation for Mediation and Order" filed August 7, 2013, Doc. No. 11, pursuant

13  to ADR Local Rule 6-2, the parties and their counsel conducted a mediation of this action before Linda

14  McPharlin, of McPharlin Sprinkles & Thomas LLP under ADR Local Rule 6 on October 10, 2013.

15  Through the effective facilitation of the mediator, there were several offers and counter offers exchanged

16  at the mediation and thereafter.  Discussions, including offers and counter offers have continued to the

17  present date and the parties are close to a contingent resolution by settlement.  If this is achieved, the

18  parties will request that the Court vacate pretrial and trial dates and set for on or after June 3, 2014 a

19  dismissal review hearing.

20  7.    Bifurcation and Separate Trial of Issues

21    The parties have not requested and do not presently anticipate requesting bifurcation of liability

22  and damages, or the separate trial of issues.

23  8.    Trial

24    The parties will be ready for trial by June 2014, which is the date projected in the schedule of

25  pretrial dates set out by the Case Management Order entered on May 21, 2013, Doc No. 8, *viz.* concluding

26  with the filing of dispositive motions no later than March 14, 2014.

27    Defendants are requesting the case be tried by jury.  Plaintiff believes that there are certain issues

28

JOINT PRELIMINARY PRETRIAL CONFERENCE STATEMENT          *Poonja v. Infinity HI, LLC.*
                                                          Case No. 12-CV-01066-EJD

1    that are equitable or purely legal in nature, including reformation and subordination of deeds of trust, and

2    the defenses relating to bankruptcy law that should be tried to the Court.

3         If the case is tried to a jury, with time limits imposed by the Court, the trial estimate is six (6)

4    court days of six (6) hours each or a total of thirty-six (36) hours. (Under the Court's Standing Order

5    setting the regular trial schedule as Tuesday and Wednesday from 9:00 a.m. to 4:30 p.m., with a break

6    from 12:00 p.m. to 1:30 p.m., and Thursday from 9:00 a.m. to 12:00 p.m., the trial would be two-plus

7    weeks).

8    9.    Scheduling

9         There are no presently proposed modifications to the schedule set out in the Case Management

10   Order which was entered on May 21, 2013, Doc No. 8.

11        The parties would like to set the Final Pretrial Conference at least 21 days after defendants'

12   motion for summary judgment has been decided, in view of the extensive requirements in the Court's

13   Standing Order, paragraphs 2.B. through 2.H. Based on the summary judgment being filed on or before

14   March 14, 2014 and being heard on or before May 2, 2014, the parties would like to have the Final

15   Pretrial Conference set for on or after May 30, 2014.

16        Based on the above scheduling for the Final Pretrial Conference, and assuming a jury trial, the

17   parties would like to have the trial begin, with jury selection, on June 9, 2014.

18   10.   Other Matters

19        There are three related actions that have a bearing on this case. These actions are: (1) *In re San*

20   *Jose Airport Hotel LLC,* United States Bankruptcy Court for the Northern District of California, San Jose

21   Division, Bankruptcy Case No. 09-51045-SLJ, Chapter 7; (2) *Poonja v. Sevak & Sons, LLC, et al.*, United

22   States Bankruptcy Court for the Northern District of California, San Jose Division, Adv. Pro. No. 11-

23   05236; and (3) *Etessam v. Shingal, et al.*, Santa Clara Superior Court, Case No. 11-CIV-196204.

24        (1) *In re San Jose Airport Hotel LLC* is the chapter 7 bankruptcy of the debtor, the trustee for

25   which is the plaintiff in this action. The claims in this action belong to the estate in this chapter 7

26   proceeding.

27        (2) *Poonja v. Sevak & Sons, LLC, et al.* is an adversary proceeding by the trustee for SJAH

28

JOINT PRELIMINARY PRETRIAL CONFERENCE STATEMENT        *Poonja v. Infinity HI, LLC.*
                                                        Case No. 12-CV-01066-EJD

involving an agreement for the sale of the Hotel, after breach of the PSA with Infinity HI was declared on July 25, 2009.  This proceeding was tried to Judge Stephen L. Johnson on May 6 and May 7, 2013. A verdict for breach of a personal guaranty of the PSA was rendered on August 2, 2013 in the amount of $11,648,758.

(3) *Etessam v. Shingal, et al.* is an action against defendants Ajay Shingal, Myra Shingal,  Global 360 Enterprises, LLC, Ramini International, LLC and 2720 Uridias Ranch LLC involving financing and liens on properties in which these defendants were involved and which relate to the notes and security under the PSA.  This action was tried from April 2, 2013 through May 3, 2013. On August 19, 2013 a final statement of decision in favor of defendants was entered by Judge Aaron Persky.

Dated: November 27, 2013                                        HENNEFER, FINLEY & WOOD,  LLP


By:        /s/ James A. Hennefer
                James A. Hennefer
                Attorneys for Plaintiff


Dated: November 27, 2013                                        PRICE LAW FIRM


By:        /s/ Harry I. Price
                Harry I. Price, Esq.
                Attorneys for Defendants

FILER'S ATTESTATION

I, James A. Hennefer, hereby attest that concurrence in the filing of this Stipulation for Mediation and [Proposed] Order  has been obtained from each of the other signatories listed above, each of whom authorizes me to affix their electronic signature to this Joint Preliminary Pretrial Conference Statement

Dated: November 27, 2013

Respectfully submitted,

HENNEFER, FINLEY & WOOD, LLP


By:_____/s/ James A. Hennefer_____

James A. Hennefer
Attorneys for Plaintiff

1            CERTIFICATE OF SERVICE

2            I am employed in the City and County of San Francisco, California.  I am over the age of 18

3    and am not a party to the within action.  My business address is 425 California Street, 19th Floor, San

4    Francisco, California, 94104.

5            On November 27, 2012, I served __ the original  X  a copy of the below-listed document(s)

6    described as:

7
             JOINT PRELIMINARY PRETRIAL CONFERENCE STATEMENT
8

9
     _____ (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax
10         number(s) set forth below, or as stated on the attached service list, on this date.

11         (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the
       X
12         United States mail at San Francisco, California, addressed to the person(s) on whom it is to be
           served, as set forth below, or as stated on the attached service list.
13
           (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to
14   _____
           the offices of the addressee(s) set forth below, or as stated on the attached service list.
15
           (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight
16   _____
           delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be
17         served, as set forth below, or as stated on the attached service list.

18   _____ (BY E-MAIL) by transmitting via electronic mail the document(s) listed above to the e-mail
           address(es) set forth below, or as stated on the attached service list, on this date.
19

20   Harry Isaac Price
     Matthew E. Coleman
21   Price Law Firm
     40 Main Street
22   Los Altos, California  94022- 1409

23           I declare under penalty of perjury under the laws of the State of California that the

24   foregoing is true and correct.

25           Executed this 27th  day of November at San Francisco, California.

26

27                                                   _____
                                                          /s/ Irene Alvarenga
                                                          Irene Alverenga
28

_____
*Mohamed Poonja v. Sevak & Sons, L.P. et al..*                        *Adversary Proceeding No. 11-05236*
Certificate of Service